UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENEVIEVE P. KANTER, PhD,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Civil Action No. 21-1820 (BAH) |

**JOINT STATUS REPORT**

Pursuant to the Court's December 6, 2021 Minute Order, Plaintiff, Genevieve P. Kanter, PhD ("Plaintiff") and Defendant, the United States Department of Health and Human Services ("HHS" or "Defendant" and, together with Plaintiff, "Parties"), by and through their undersigned counsel, respectfully submit this joint status report. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552.

1. By Minute Order on December 6, 2021, the Court directed, upon consideration of the parties' Joint Status Report (ECF No. 9), the parties to file, by February 4, 2022, and every sixty days thereafter, a joint status report addressing (1) the progress of the production of responsive records, and (2) proposing a schedule to govern further proceedings. The Court also denied the Parties' request for a teleconference since disputes as to the appropriateness of withholdings of responsive records, in whole or in part, as exempt (*see* Parties' Joint Status Report (ECF No. 8) at 2), will be resolved after consideration of summary judgment briefing.

2. Since the filing of the last Joint Status report on December 2, 2021, in this action, the parties have continued to confer regarding the issues presented in this FOIA action.

3. Plaintiff's FOIA request seeks HHS records related to initial breach reports submitted to the Office of Civil Rights ("OCR"), Department of Health and Human Services for the period of January 1, 2000 to December 31, 2019. Defendant has identified reports generated by OCR that are potentially responsive to Plaintiff's request and processed and released 41 pages of such records from 2009 on September 30, 2021.

4. The Parties had discussed potentially limiting the scope of responsive materials by removing the "breach description column" from the reports responsive to Plaintiff's request so that Defendant's FOIA processors would have less material to review during processing. If the scope were so limited, Defendants expected to be able to process the responsive records at a rate of 500 pages per month, in light of FOIA processing resources and the need to thoroughly review the potentially responsive records.

5. Plaintiff has raised questions regarding certain data fields that she believes are reported to HHS that do not appear reflected in the reports produced by Defendant. Defendant advised that some of the information identified by Plaintiff might be contained in the "breach description column."

6. If the "breach description column" is not removed from the scope of Plaintiff's request, Defendant expects to be able to process the records at a rate of 400 pages per month.

7. Defendant is preparing a release of records containing the "breach description column" with an expected release date of February 28, 2022.

8. Defendant is still working to understand whether there is a way to provide Plaintiff with data that is reported to HHS in initial breach reports but which is not reflected in the report generated by the OCR database that have been identified as records potentially responsive to Plaintiff's requests.

9. Defendant is also still working to understand whether there is a way to provide Plaintiff with the information that is reported to HHS in initial breach reports in a form other than the PDF format of the report generated by the OCR database that have been identified as records potentially responsive to Plaintiff's requests.

10. Plaintiff has indicated that she wishes to seek partial summary judgment on the following issues: (a) the appropriate processing and production schedule for responsive records to Plaintiff's January 3, 2021 FOIA request at issue in this action, (b) whether HHS can provide the responsive records in the native/ current format, or in a database format sought by Plaintiff for her research activities, and (c) whether is data submitted to HHS in a breach report that cannot be provided by HHS because that data is not entered into a field of HHS's existing database.

11. The Parties have met and conferred and have agreed to the following briefing schedule, in the event that the Court orders briefing on partial summary judgment:

a. On or before March 25, 2022, Defendant shall move for partial summary judgment.

b. On or before April 29, 2022, Plaintiff shall file her opposition to Defendant's motion and any cross motion.

c. On or before May 23, 2022, Defendant shall file its reply in support of its motion for partial summary judgment and its opposition to any cross motion for partial summary judgment filed by Plaintiff.

d. On or before June 20, 2022, Plaintiff shall file her reply in support of any cross motion for partial summary judgment she might file.

Dated: February 4, 2022

Respectfully submitted,

_/s/____Daniel J. Stotter___________
Daniel J. Stotter
Stotter & Associates LLC
408 SW Monroe Ste. M210E
Corvallis, OR 97333
dstotter@qwestoffice.net
(541) 738 2601

MATTHEW M. GRAVES,
D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: ___/s/__Sian Jones___
SIAN JONES, D.C. Bar # 1024062
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2578
Fax: (202) 252-2599
Email: Sian.Jones@usdoj.gov

*Counsel for Defendants*